JAMES A. McGRAW, Appellant, v. GEORGE SELKIS, HELEN SELKIS, Respondents, and IRVING J. McGRAW, CONGRESS GAS & OIL CO., INC., and SIBLEY-McGRAW CHEVROLET, INC., Defendants.— Appeal from three orders, one amending a judgment of foreclosure, another denying a deficiency judgment, and the third directing the distribution to defendants of the rents and profits in the hands of a receiver. Judgment of foreclosure and sale was granted December 5, 1933. On January 3, 1936, the Special Term made an order striking from the foreclosure judgment the provision contained therein for a deficiency judgment, on the ground that all of the premises covered by the mortgage had not been sold under the judgment. On April 20, 1936, and after sale, the Special Term denied a motion for the entry of a deficiency, on the same ground upon which it granted an amendment of the judgment. On March 30, 1936, an order of the Special Term was entered, settling the accounts of the receiver, of the rents and profits, appointed in the action, and directing him to pay the moneys in his hands to the defendants, on the theory that the plaintiff was not entitled thereto. All of the orders were erroneously made. The Special Term had no power to amend the judgment more than two years after its entry, and thereby affect the substantial and vested rights of the parties therein. Plaintiff was entitled to an order for the entry of a deficiency judgment, and also to an order directing the receiver to pay the same from the funds in his hands. Each of the orders reversed, on the law and facts, with ten dollars costs and disbursements to the plaintiff upon the reversal of each order. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.

In the Matter of the Claim of ROBERT D. GLENNIE, Appellant, against FALLS EQUIPMENT COMPANY and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant has appealed from a determination of the State Industrial Board denying compensation. Claimant was injured in an automobile accident on August 1, 1925. At that time he was the president and general manager of the employer and was also a stockholder therein. At the time of the accident claimant was a passenger in a car owned by the employer and driven by one of it employees. At the time of his injury claimant was acting as an executive office of the employer. Prior to the filing of this claim for compensation claimant instituted an action in the Supreme Court against the employer and against the driver of the car in which he was a passenger. That action resulted in favor of the defendants. The Industrial Board found the claimant at the time of the accident was acting as an executive officer of the employer and that the policy of insurance issued by the carrier did not cover its executive officers. The evidence sustains the finding. Decision unanimously affirmed. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.